### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL ANTONIO CASIANO TORRES<br><br>DEBTOR(S) | CASE NUMBER 17-03536-BKT<br><br>CHAPTER 13 |

### Motion to Amend Plan

**TO THE HONORABLE COURT:**

**NOW COMES** MIGUEL ANTONIO CASIANO TORRES, Debtor in the above captioned case, through the undersigned counsel very respectfully alleges and requests:

1. In light of Trustee's recommendations, Debtor files this amended plan dated 6/21/2017.

**WHEREFORE** Debtor requests from this Honorable Court to take notice of the aforementioned information with such relief which is just and proper.

**RESPECTFULLY SUBMITTED**
In San Juan, Puerto Rico on this Thursday, June 22, 2017.

### Notice

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk=s office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

## Certificate of Service

**I HEREBY CERTIFY** that the foregoing motion has been electronically filed through CM/ECF electronic filing system which will serve the same to all parties in interest.

/s/Josué N. Torres Crespo
USDC No. 229805

**Rodriguez & Maldonado-Vélez**
Attorneys and Counselors at Law
COSVI Office Complex
Esq. Ave. Américo Miranda
#400 Suite 201, Villa Nevarez
Rio Piedras, Puerto Rico 00928
Tel. No. 787-625-1948
Fax. 787-625-1949

2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: MIGUEL ANTONIO CASIANO TORRES

BK. CASE # 17-03536

DEBTOR(S)

CHAPTER 13

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty-eight (28) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty-one (21) days from its ontification. **This plan does not allow claims. Any party entitled to receive disbursements form the Trustee must file a proof of claim.** The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and/or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan. See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee [✓] directly [ ] by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debotr(s) is entered.

**PLAN DATED:** _____  [✓] **AMENDED PLAN DATED:** 6/21/2017
[✓] PRE  [ ] POST-CONFIRMATION   FILED BY [✓] DEBTOR [ ] TRUSTEE [ ] UNSECURED

### I. PAYMENT PLAN SCHEDULE

| $ | 1,200.00 | x | 32 | = | $38,400.00 |
| $ | 604.00 | x | 1 | = | $604.00 |
| $ | | x | | = | |
| $ | | x | | = | |
| $ | | x | | = | |
| | TOTAL | = | 33 -- | | $39,004.00 |

Additional Payments:
$ _____ to be paid as LUMP SUM within _____ with proceeds to come from
[ ] Sale of property identified as follows: _____
[ ] Other: _____

Periodic Payments to be made other than, and in addition to the above.
$ ____ x ____ = ____
To be made on: _____

**PROPOSED PLAN BASE:** $ 39,004.00

### II. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS**
[ ] Debtor represents that there are no secured claims.
[✓] Secured creditors will retain their liens and shall be paid as follows:

ADEQUATE PROTECTION PAYMENTS CR _____ $ _____

[ ] Trustee will pay secured ARREARS:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____

[ ] Trustee will pay IN FULL Secured Claims
Cr. _____ Cr. _____ Cr. _____
$ _____ $ _____ $ _____

[ ] Trustee will pay VALUE OF COLLATERAL
Cr. _____ Cr. _____ Cr. _____
$ _____ $ _____ $ _____

[ ] Secured Creditor's interest will be insured.  **INSURANCE POLICY** will be paid through plan:
Cr. _____ Ins Co. _____ Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

[✓] Debtor SURRENDERS COLLATERAL to Lien Holder: Popular (Claim 3-1), GuraCoop (1-1)
[ ] Debtor will maintain REGULAR PAYMENTS DIRECTLY to: _____

### II. ATTORNEY'S FEES

To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

| a. Rule 2016(b) Statement: | $ | 3,000.00 |
| b. Fees Paid (Pre-petition): | $ | 0.00 |
| c. R 2016 Outstanding balance: | $ | 3,000.00 |
| d. Post Petition Additional Fees: | $ | 0.00 |
| e. Total Compensation: | $ | 3,000.00 |

**B. PRIORITIES** The Trustee will pay §507 priorities in accordance with the law. [§1322 (a)(2))]
[✓] DEPARTMENT OF TREASURY

**C. UNSECURED PREFERRED:** Plan [ ] Classifies [ ] Does not Classify Claims.
[ ] Class A: [ ] Co-Debtor Claims / [ ] Paid 100% / [ ] "Pay Ahead": _____
[ ] Class B: [ ] Other Class: _____
Cr. _____ Cr. _____ Cr. _____
$ _____ $ _____ $ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ _____ )
[✓] Will be paid 100% plus 4.25 % Legal Interest.  [ ] Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**
DEBTOR GRANTS RELIEF FROM THE AUTOMATIC STAY TO BANCO POPULAR'S SECURED CLAIM NO. 4-1. TRUSTEE SHALL NOT MAKE ANY DISBURSEMENT TO BANCO POPULAR ON THAT CLAIM, ANY AMENDED CLAIM OR ANY SUBSEQUENT CLAIM ALLEGING ANY DEFICIENCY IN REGARD TO CLAIM NO. 4-1.

Signed: /s/ MIGUEL ANTONIO CASIANO TORRES
DEBTOR

/s/
JOINT DEBTOR

ATTORNEY FOR DEBTOR: JOSUE N. TORRES CRESPO   PHONE: (787) 625-1948